UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-14381-BLOOM

DARRELL MARK BABCOCK,

    Plaintiff,

v.

ANDREA L. OLSON, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 26, 2020, *pro se* Plaintiff Darrell Babcock ("Plaintiff")[1] initiated the instant action pursuant to 42 U.S.C. § 1983 against three Martin County Sheriff Deputies, alleging that they had violated Plaintiff's Fourth Amendment right to be free from unlawful searches and seizures. ECF No. [1] ("Complaint"). This Court dismissed Plaintiff's Complaint for failing to state a claim, ECF No. [6] ("Order"), and permitted amendment to cure the pleading deficiencies. Plaintiff subsequently filed his Amended § 1983 Complaint for Violation of Civil Rights, ECF No. [11] ("Amended Complaint"). The Amended Complaint asserts that two Deputies from the Martin County Sheriff's Office violated Plaintiff's Fourth Amendment rights by entering his curtilage in Stuart, Florida, without a warrant. *See generally* ECF No. [11]. As explained in more detail below, upon review of the Amended Complaint, the Court concludes that this matter must be dismissed.

---

[1] Plaintiff is a prisoner confined at the Coleman Medium Federal Correctional Institution.

## I. BACKGROUND

As noted above, Plaintiff asserts this § 1983 action against two Martin County Sheriff Deputies—Deputy Andrea L. Olson ("Defendant Olson") and Deputy Wayne R. Trocan ("Defendant Trocan"). ECF No. [11] at 12.

On November 1, 2016, at 8:47 a.m., the Martin County Sheriff's Office dispatch received a call from an anonymous third party reporting a possible domestic disturbance. *Id*. at 12. The call details were then radioed in, stating that the disturbance "sound[ed] like a full on fight in backyard." *Id.* Plaintiff also attaches a copy of the call details from the incident to his Amended Complaint, which reports, "could [hear] female yelling 'stop stop stop' and then some banging." *Id.* at 24. About six minutes later, at 8:53 a.m., Defendants Olson and Trocan arrived on scene at Plaintiff's residence, a single-family home with a six-foot tall privacy fence around the sides and backyards. *Id.* at 12-13, 25.

Upon arrival, Defendant Olson did not see or hear any disturbance. *Id.* at 13. Neither Defendant attempted to conduct a "knock and talk" at the front door of the residence, nor did they "conduct any investigation to corroborate the anonymous report of a domestic disturbance" or announce their presence before entering Plaintiff's backyard. *Id.* Instead, Defendant Olson went directly into the fenced backyard because that was the location the anonymous caller had provided as the source of the disturbance. *Id.*

Once inside Plaintiff's backyard, Defendants Olson and Trocan then began to search for any signs of a disturbance with their service weapons drawn. *Id*. Plaintiff and another individual, C.A., were in a pop-up camper located in the backyard, watching as the deputies moved silently into the backyard. *Id.* When Defendants located the pop-up camper, they knocked on the door and ordered Plaintiff out at gunpoint. *Id.* Plaintiff and C.A. were then "separated, detained, and

2

questioned." *Id.* Defendants remained on the property for four hours, detaining Plaintiff, "questioning him, obtaining statements, searching his backyard and camper, seizing his cell phone, and never even attempting to obtain a warrant." *Id.* at 14.[2]

Defendants' mere knowledge of a report of a possible domestic disturbance, without any corroborating evidence, was not sufficient exigent circumstances to permit them to enter the curtilage of Plaintiff's residence without a warrant. *Id.* at 14, 17. Thus, Plaintiff alleges that, in the absence of Defendants seeing or hearing anything that might suggest an ongoing altercation, their entry into his backyard was "a warrantless entry . . . [that] violated [his] Fourth Amendment right to the United States Constitution." *Id.*

As a result of this violation, Plaintiff alleges to have suffered "mental and severe emotional [trauma] requiring [counseling], therapy, and multiple psychotropic medications to be able to perform daily routine activities." *Id.* at 22. Plaintiff requests "compensatory damages for [lost] wages in accordance with his last tax filing, future wages with interest, pain and suffering, mental anguish, tarnished reputation, attorney fees, and future mental health care. Additionally, the Plaintiff respectfully request[s] punitive damages." *Id.*

## II. LEGAL STANDARD

Under either 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that it fails to state a plausible claim for relief. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Additionally, under § 1915(e)(2)(B)(i), courts may dismiss claims as frivolous that are "based on an indisputably meritless legal theory" or "whose

---

[2] Based on the evidence obtained from this incident, Plaintiff was ultimately convicted of production of child pornography in Case Number 16-CR-14071-KAM, after authorities discovered sexually explicit videos and photos of C.A., a minor, on Plaintiff's cell phone. CR ECF Nos. [49], [50], & [69]; *see also United States v. Babcock*, 924 F.3d 1180 (11th Cir. 2019). He is currently serving a 324-month sentence. CR ECF No. [69].

factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In reviewing a complaint under § 1915(e), courts take the allegations as true and construe them in the light most favorable to the plaintiff. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Mia. Dade State Attorney,* 693 F. App'x 784, 785 (11th Cir. 2017).

The same standards that govern dismissals for the failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) also apply to dismissals under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Additionally, each individual claim should be presented separately and should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Thus, a court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is also well settled that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which the asserted claims might be cognizable. *United States v. Nickson*, 521 F. App'x 867, 868 (11th Cir. 2013) (quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)). Indeed, courts hold complaints filed by *pro se* prisoners to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972). Despite the liberal construction afforded to *pro se* pleadings, courts "nevertheless, have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted).

Likewise, courts must remain neutral, as their "role is not to create arguments for adjudication" on behalf of a party "but rather . . . to adjudicate those arguments" and decline the "invitation to serve as advocates" even when a party is unrepresented. *Republican Nat'l Comm. v. FEC (In re Anh Cao)*, 619 F.3d 410, 435 (5th Cir. 2010); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). As such, a district court may not rewrite a pleading to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). The court may also not construct a litigant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Ultimately, a district court possesses the inherent power to manage its docket, which includes the power to dismiss a case. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981). A court may dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 48-49 (1991)).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999);

5

*Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). "Section 1983 provides a private right of action for Fourth Amendment violations." *Hinds v. Glatthorn*, No. 6:18-cv-1415-Orl-37KRS, 2018 WL 6577102, at *3 (M.D. Fla. Sept. 20, 2018) (citing *Hoefling v. City of Miami*, 811 F.3d 1271, 1281 (11th Cir. 2016)), *report and recommendation adopted*, No. 6:18-cv-1415-Orl-37KRS, 2018 WL 5817278 (M.D. Fla. Nov. 7, 2018).

The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. "Under the Fourth Amendment, searches and seizures 'inside a home without a warrant are presumptively unreasonable.'" *Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980)). "Nevertheless, because the ultimate touchstone of the Fourth Amendment is 'reasonableness,' the warrant requirement is subject to certain exceptions." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). One such exception is the "exigent circumstances" exception, *Coolidge v. New Hampshire*, 403 U.S. 443, 474-75 (1971), pursuant to which there is a compelling need for official action, but no time for law enforcement to secure a warrant, *Mincey v. Arizona*, 437 U.S. 385, 394 (1978). The exigent circumstances exception includes situations involving "danger of flight or escape, loss or destruction of evidence, risk of harm to the public or the police, mobility of a vehicle, and hot pursuit." *United States v. Holloway*, 290 F.3d 1331, 1334-35 (11th Cir. 2002). The most urgent of these exigencies is "the need to protect or preserve life" in an emergency situation. *Id.* at 1335. To invoke this exception, however, "[o]fficers do not need ironclad proof of a likely serious, life-threatening injury . . . ." *Michigan v. Fisher*, 558 U.S. 45, 49 (2009) ("It does not meet the needs of law enforcement or the demands of public safety to require officers to walk away.").

Here, Plaintiff fails to plead sufficient facts to support a plausible inference that Defendants violated his right to be free from unlawful searches and seizures under the Fourth Amendment. Rather, the Amended Complaint, like the initial Complaint, alleges numerous facts indicating that Defendants were acting under exigent circumstances in this case. Specifically, Plaintiff acknowledges that Defendants were dispatched to his house after receiving a call from an anonymous third party reporting a domestic disturbance, which "sound[ed] like [a] full on fight in backyard," with a "female yelling 'stop stop stop' and then some banging." ECF No. [11] at 24; *see id.* at 12. Plaintiff also acknowledges that Defendants were informed that the disturbance was coming from the backyard, not from another part of the house. *Id.* at 12, 24. And, the police records he attaches to his Amended Complaint further demonstrate that Defendants arrived on scene a brief six minutes later. *Id.* at 25.

These facts establish a compelling and immediate need for Defendants to investigate the scene to determine if someone was seriously injured or in danger, and that there was not enough time to secure a warrant before doing so. *See Mincey*, 437 U.S. at 394; *see also United States v. Cooks*, 920 F.3d 735, 742 (11th Cir. 2019) ("In the emergency-aid context, 'the probable cause element may be satisfied where officers reasonably believe a person is in danger.'" (quoting *Holloway*, 290 F.3d at 1338)); *United States v. Timmann*, 741 F.3d 1170, 1178 (11th Cir. 2013) (probable cause satisfied where officers reasonably believe that someone "is seriously injured or threatened with such injury, and is in need of immediate aid").

> A report of a domestic argument—standing alone—does not demonstrate exigent circumstances per se. *United States v. Davis*, 290 F.3d 1239, 1244 (10th Cir. 2002). Thus, officers responding to a report of a domestic dispute must point to *something* beyond the mere fact of an argument to demonstrate an "objectively reasonable basis to believe there is an immediate need to protect the lives or safety of themselves or others." [*United States v. Najar*, 451 F.3d 710, 718 (10th Cir. 2006)]. Either additional depth and detail in the report, or additional facts learned

in the course of the investigation, are required to support the exigency. *See United States v. Martinez*, 643 F.3d 1292, 1297 (10th Cir. 2011).

*Storey v. Taylor*, 696 F.3d 987, 994 (10th Cir. 2012).

In this case, the anonymous third party reported additional details beyond just a domestic argument that provided Defendants with reasonable justification for the exigency—namely, that there was a "full on fight" occurring in Plaintiff's backyard, with a woman in the background repeatedly screaming "stop" followed by banging noises. *See United States v. Bruce*, 977 F.3d 1112, 1117-18 (11th Cir. 2020) (discussing reliability and importance of anonymous tips to the police); *see also Holloway*, 290 F.3d at 1339 (same). Moreover, although Defendants did not stop to obtain additional evidence corroborating the call, they were not required to do so under the exigent circumstances exception. *See United States v. Dabrezil*, 603 F. App'x 756, 759 (11th Cir. 2015) (officers responding to domestic assault call were permitted to enter defendant's home without a warrant in order to render emergency aid to an individual inside the residence).

In sum, Plaintiff's Amended Complaint fails to state a claim for a Fourth Amendment violation for the same reasons that his initial Complaint failed to do so. In light of Plaintiff's failure to cure the initial Complaint's pleading deficiencies, and his failure to state a claim in his Amended Complaint, the Court concludes that dismissal is warranted.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Complaint, **ECF No. [11]**, is **DISMISSED WITHOUT LEAVE TO AMEND** for the failure to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) and the failure to cure the pleading deficiencies in the original Complaint.

2. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**, any scheduled hearings are **CANCELED**, and all deadlines are **TERMINATED**.

3. The Clerk of Court is directed to **CLOSE** the above-styled case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Darrell Mark Babcock
18508-479
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521